UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN D. PARRA CORTES (A-246-921-253), | No. 1:26-cv-04247-DC-CSK (HC) |
| Petitioner, | |
| v. | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS |
| WARDEN, CENTRAL VALLEY ANNEX, et al., | (Doc. No. 11) |
| Respondents. | |

Petitioner, an immigration detainee proceeding through counsel, filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 1.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On June 23, 2026, the magistrate judge filed findings and recommendations herein which were served on all parties and contained notice that any objections to the findings and recommendations were to be filed within seven days. (Doc. No. 11.) On June 29, 2026, Respondents filed objections to the findings and recommendations, stating that they objected "[f]or the reasons set forth in Respondents' previous briefing." (Doc. No. 12.) However, those arguments were addressed and rejected by the magistrate judge in this case and by the undersigned in other cases. Specifically, the undersigned has found that the Due Process Clause requires that, in order for the government to re-detain a noncitizen who has been previously

1

released on bond or conditional parole under 8 U.S.C. § 1226(a), or humanitarian parole under 8 U.S.C. § 1182(d)(5), the government must provide a pre-deprivation bond hearing before a neutral arbiter at which the noncitizen's eligibility for bond must be considered. *See Selis Tinoco v. Noem*, 1:25-cv-01762-DC-JDP, 2025 WL 3567862 (E.D. Cal. Dec. 14, 2025) (granting motion for temporary restraining order and immediate release of the petitioner based on his likelihood of success on the merits of his due process claim); *Labrador-Prato v. Noem*, 1:25-cv-01598-DC-SCR, 2025 WL 3458802 (E.D. Cal. Dec. 2, 2025) (same); *D.L.C. v. Wofford*, 1:25-cv-01996-DC-JDP, 2026 WL 25511 (E.D. Cal. Jan. 5, 2026) (same); *Altin v. Chestnut*, No. 1:26-cv-00792-DC-CSK, Doc. No. 8 (E.D. Cal. Feb. 5, 2026) (granting motion for temporary restraining order and habeas petition as to the petitioner's due process claim). Thus, Respondents' objections do not provide a basis upon which to reject the findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed June 23, 2026 (Doc. No. 11), are ADOPTED;

2. Petitioner Juan D. Parra Cortes's (A-246-921-253) petition for a writ of habeas corpus (Doc. No. 1) is GRANTED;

3. Respondents are ORDERED to IMMEDIATELY RELEASE Petitioner and to provide him with a copy of the release order at or near the time of release. If Respondents have custody of Petitioner's documents (e.g., identification, passport, work permit, Social Security card, etc.), Respondents shall return those documents to Petitioner at the time of release;

4. Respondents are ENJOINED AND RESTRAINED from re-detaining Petitioner unless the government demonstrates, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that Petitioner is a flight risk or danger to the community such that his physical custody is legally justified. Petitioner shall be allowed to have his counsel

2

present at any such hearing. This injunction does not address other circumstances where detention authority is established under different authority than what is presented in this case (e.g., 8 U.S.C. § 1226(c) or 8 U.S.C. § 1231);

5.      This order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal;

6.      The Clerk of the Court is directed to serve the Central Valley Annex Detention Facility with a copy of this order; and

7.      The Clerk of the Court is directed to enter judgment for Petitioner and close this case.

IT IS SO ORDERED.

Dated:    **July 1, 2026**

Dena Coggins
United States District Judge